PER CURIAM.
John Brooks, the mortgagee in this foreclosure action, appeals the final order of dismissal granting summary judgment in favor of appellees Mary Martin and Joan Brooks. We reverse.
Reviewing the record in a light most favorable to appellant, as we must, we hold that genuine issues of material fact exist with respect to the circumstances surrounding the failure of the title company to timely mail the October 31, 1982, payment. Fla.R.Civ.P. 1.510(c); Holl v. Talcott, 191 So.2d 40 (Fla.1966). For instance, it is not clear whether appellant did in fact change his address; and, if he did, there is no evidence of a forwarding address. Assuming appellant did not relocate, the record does not indicate why appellees were under the opposite impression. Further, the record does not reveal why Mr. Lord, the closing agent representing the title company, was unable to acquire appellant’s address prior to November 7, 1982, the day Mr. Lord’s mother-in-law died. Finally, no explanation is found for appellee Brooks’ failure to provide the title company or Martin with the address that she used to make the prior mortgage payments. In view of these unresolved material facts, we are unable to determine whether the circumstances of this case would render the foreclosure unconscionable or inequitable.
Accordingly, we REVERSE the summary judgment entered against appellant and REMAND for proceedings consistent with this opinion.
HOBSON, A.C.J., and BOARDMAN and SCHOONOVER, JJ., concur.